# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT E. COYLE, | ) |
|     Petitioner, | ) |
| v. | ) No. 1:17-cv-01302-JMS-DML |
| | ) |
| DUSHAN ZATECKY, | ) |
|     Respondent. | ) |

## Entry Discussing Petition for Writ of Habeas Corpus and Denying Certificate of Appealability

For the reasons explained in this Entry, the petition of Robert Coyle for a writ of habeas corpus must be denied and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

## I. Background

An Indiana jury convicted Coyle in 2007 of Dealing in Cocaine or Narcotic Drug, for which he was sentenced to a term of 20 years. This sentence is to be served consecutive to a 45-year sentence for conspiracy to commit murder. *See Coyle v. State*, 69 N.E.3d 958 (Ind.Ct.App. 2016). Coyle filed an action for post-conviction relief on October 13, 2011, and the post-conviction relief action remained pending in the state courts until March 23, 2017. Applying the prison mailbox rule, this action was then filed on April 25, 2017.

The State of Indiana, through Coyle's custodian, has opposed Coley's petition for writ of habeas corpus by arguing that the petition was not timely filed.

## II. Discussion

In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), revised several of the statutes governing federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). One such provision provides:

> a state prisoner has one year to file a federal petition for habeas corpus relief, starting from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

*Wood v. Milyard,* 132 S. Ct. 1826, 1831 (2012)(quoting 28 U.S.C. § 2244(d)(1)(A)); *see also Gladney v. Pollard,* 799 F.3d 889, 894 (7th Cir. 2015).

Coyle was sentenced for the drug offense on October 15, 2007. He had 30 days in which to initiate a direct appeal. He did not do so. Thus, his conviction became final on November 14, 2007. *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012) ("[T]he judgment becomes final . . . when the time for pursuing direct review . . . expires.").

Coyle therefore had one year, through November 13, 2008, in which to file a federal petition for writ of habeas corpus. He did not do so, waiting instead until April 25, 2017 in which to do so. By that date, 1,064 days had elapsed after the statute of limitations had expired. Although a properly filed action for post-conviction relief was filed on October 13, 2011, the statute of limitations had already expired before that date. Accordingly, no statutory tolling occurred under 28 U.S.C. § 2244(d)(2); *see Gladney,* 799 F.3d at 893 (noting the petitioner's habeas petition was untimely when his first state post-conviction petition was filed after the one-year limitations period had expired); *Teas v. Endicott,* 494 F.3d 580 (7th Cir. 2007)(the fact that the state courts entertained a collateral attack on prisoner's conviction more than one year after the expiration of

the one year time limit does not "re-start" the statute of limitations under 28 U.S.C. § 2244(d)); *Fernandez v. Sternes*, 227 F.3d 977, 978-79 (7th Cir. 2000) (explaining that it is illogical to toll a limitations period that has already passed). The filing of Coyle's petition for post-conviction relief therefore has no effect on the computation of the statute of limitations and does not rescue Coyle's habeas petition from being woefully untimely.

Coyle argues in opposition to the foregoing that the circumstances of his confinement rendered it difficult for him to acquire the knowledge to properly pursue his habeas petition, but this "describes most habeas corpus petitioners and thus by definition is not 'extraordinary.'" *Gray v. Zatecky*, No. 15-2482, 2017 WL 3274347, at *3 (7th Cir. Aug. 2, 2017). This knocks out equitable tolling of the statute of limitations. *Id.* at *2 (citing *Holland v. Florida*, 560 U.S. 631 (2010)). And finally, the suggestion that his delay was the result of misadvice from his attorney, who for strategic reasons thought it best to first conclude the challenge to Coyle's conspiracy conviction, offers him no relief for his tardiness because "[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." *Lawrence v. Florida,* 549 U.S. 327, 336-37 (2007).

### III. Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). Coyle has encountered the hurdle produced by the 1-year statute of limitations, but "[s]tatutes of limitations for collateral relief in federal court are part of the [AEDPA]." *Freeman v. Page*, 208 F.3d 572, 573 (7th Cir. 2000). He has not shown the existence of circumstances permitting him to overcome this hurdle and hence is not entitled to

the relief he seeks. His petition for a writ of habeas corpus is therefore **denied** without a decision being made as to the merits of his claims.

Judgment consistent with this Entry shall now issue.

### IV. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254 Proceedings,* and 28 U.S.C. § 2253(c), the Court finds that Coyle has failed to show that reasonable jurists would find it "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

IT IS SO ORDERED.

Date: 8/16/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

ROBERT E. COYLE
874321
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Chandra Hein
INDIANA ATTORNEY GENERAL
chandra.hein@atg.in.gov